## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | |
|---|---|
| R & R PACKAGING, INC. D/B/A R & R SOLUTIONS, Plaintiff, vs. EVENFLO COMPANY, INC., Defendant. | Civil Action No. **ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT** **JURY TRIAL DEMANDED** |

Plaintiff R & R Packaging, Inc. d/b/a R & R Solutions ("R & R" or "Plaintiff"), for its complaint against Defendant Evenflo Company, Inc. ("Evenflo" or "Defendant"), states as follows:

### PARTIES

1.     Plaintiff R & R is an Arkansas corporation having a principal place of business at 601 1st Ave NW, Gravette, AR 72736.

2.     Defendant Evenflo is a Delaware corporation with its principal place of business in the State of Ohio.

3.     Defendant Evenflo has a place of business at 2707 SE G Street Suite 2 Bentonville, AR  72712.

### JURISDICTION AND VENUE

4.     This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code §§ 271 and 281, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant. Defendant regularly and continuously conducts business in this district and maintains a regularly established place of business at 2707 SE G Street Suite 2 Bentonville, AR 72712. Defendant ships, distributes, offers for sale, sells, and/or advertises (including through its web pages) its products and services within Arkansas, and this district.

6.      In addition, this Court has personal jurisdiction over Defendant because Defendant has committed and continues to commit infringing acts causing damage in this district by making, selling, offering for sale, and/or using products that infringe United States Patent No. 9,189,943 and United States Patent No. 9,424,728 (collectively, "the patents-in-suit"), and by placing such products into the stream of commerce with the expectation that they will be purchased and/or used by third-party re-sellers and/or by end-consumers in the Western District of Arkansas.

7.      Venue is proper in this Court under 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business in this judicial district, and Defendant has committed and continues to commit infringing acts in this judicial district by making, selling, offering for sale, using, and/or importing products that infringe the patents-in-suit.

## THE PATENTS-IN-SUIT

8.      On November 17, 2015, the United States Patent and Trademark Office duly and legally issued United States Patent No. 9,189,943 ("'943 patent"), entitled "Child Safety Seat Alarm," and naming Amy Rambadt, John Rambadt, and David Tanner as inventors.  A true and correct copy of the '943 patent is attached as Exhibit A.

9.      On August 23, 2016, the United States Patent and Trademark Office duly and legally issued United States Patent No. 9,424,728 ("'728 patent"), entitled "Child Safety Seat

Mobile Alarm and Method Therefor," and naming Amy Rambadt, John Rambadt, David Tanner, Ken Kehler, and Joseph Strickland as inventors.  A true and correct copy of the '728 patent is attached as Exhibit B.

## FACTUAL ALLEGATIONS

10.     R & R is a dynamic technology solutions company that was founded in 1997 by American entrepreneurs and inventors, John and Amy Rambadt.  Since its founding, R & R's business has grown and expanded to provide packaging and logistics services, develop supply chains, provide Information Technology (IT) services, refurbish Point of Sale electronics, and invent new products and technology.

11.     R & R recognized the senseless deaths of children every year caused by parents leaving children in car seats during warm weather.  Moved to prevent these deaths, R & R invented new monitoring systems for child safety seats.  These systems are disclosed and described by the '943 patent and the '728 patent.  R & R is owner of the entire right, title, and interest in and to the '943 patent and the '728 patent.

12.     R & R knew the best chance to implement its technology was to partner with a well-known car seat manufacturer who could begin including R & R's life saving technology on its car seats.

13.     Between 2013-2014, R & R had various interactions with Defendant to discuss R & R's then patent-pending technology.  Defendant was aware of R & R's pending patent applications, which issued as the '943 patent and the '728 patent.

14.     The various interactions between R & R and Defendant included live prototype demonstrations of R & R's inventive child safety systems and negotiations for Defendant to license and/or purchase R & R's invention.  After gaining valuable insight into the design and

function of R & R's idea and patent applications, Defendant elected to not license and/or purchase R & R's invention, but instead released its own products that infringe R & R's patents.

15.     The claims of the '943 patent and the '728 patent are directed to monitoring systems for child safety seats. An example embodiment of the inventive monitoring systems is illustrated by Figures 1,5 of the '943 patent, reproduced below.



Source: U.S. Patent No. 9,189,943

16.     The patents-in-suit are valid and enforceable.  The patents-in-suit also claim technical systems that improve child safety and child safety seat and are thus, directed to patent eligible subject matter under 35 U.S.C. § 101.  Moreover, the claimed technical systems are not directed to abstract ideas, laws of nature, or natural phenomena.  Instead, the technical systems are directed to child safety seats that include specific hardware and software applications.

### The Accused Products

17.     Defendant has and is making, using, selling, offering to sell, and/or importing into the United States, child safety seat systems that infringe the claimed subject matter of the '943 patent and the '728 patent.

4

18.     The infringing systems include Defendant's child safety seat products that are equipped with a "SensorSafe" device or buckle.  Without limitation, examples of Defendant's infringing products are: Safemax, LiteMax, Evolve 3-in-1, EveryStage, Pivot Xpand, Shyft, Verge3, and SecureMax (collectively, the "Accused Products").

19.     Images of a representative Evenflo Litemax product are provided below.



Source: Product images from actual purchased product



Source: https://www.evenflo.com/car-seats/litemax/us_litemax.html%20?dwvar_us__litemax_fashion=30512171&cgid=car-seat-infant#start=2 (Last accessed April 23, 2020).

20.     An example of Defendant's SensorSafe buckle is provided below.



Source: https://www.evenflo.com/sensorsafe/sensorsafe.html (Last accessed April 23, 2020).

21.     The Accused Products are a car seat that includes a monitoring system for child safety just as described and claimed in the patents-in-suit.

22.      For example, the Accused Products include an On-Board Diagnostic (OBDII) plug or dongle, the SensorSafe buckle, and a mobile device application ("SensorSafe app" or "SensorSafe application").

23.     The SensorSafe application is available for free download at Apple's "App Store" or Google's "Google Play" store.  Defendant advertises, promotes, or otherwise instructs end-consumers to download the SensorSafe application in order to use the Accused Products and register the Accused Product and the user's vehicle with the SensorSafe application.

24.     An image of a Litemax product brochure, which is included with purchased product packaging is provided below.  Here, the Litemax product brochure shows the OBDII plug, the SensorSafe buckle, the SensorSafe application, and wirelessly transmitted alerts.



Source: Product image from actual purchased Litemax product

25.     The SensorSafe buckle secures a child within the safety seat and includes a transceiver that communicates signals/data over a wireless network.  The OBDII plug also includes a transceiver that connects to a vehicle's OBDII port and communicates signals/data over a wireless network.  *See e.g.,* https://fccid.io/2ABS2-SOSR2.

26.     In operation, the SensorSafe buckle's transceiver wirelessly communicates with the end-consumer's mobile phone through the SensorSafe application, which provides various mobile phone alerts.  *See e.g.*, https://www.evenflo.com/gold/sensorsafe-gold.html ("How

SensorSafe works: When you're focused on driving, the SensorSafe application stays focused on making sure your baby stays safe, happy and buckled up.  If suddenly they become unharnessed or too warm, the SensorSafe smart chest clip lets you know instantly using a wireless receiver. You can even have alerts sent right to your mobile phone using our free app.").

27.     The SensorSafe application alerts can include, for example, a text alert, audible noises, notifications indicating the end-user's data, vehicle information, vehicle location, the child's name, and so on.  An image of example the SensorSafe application alerts is provided below.



Source: Screenshots from an iOS version of the SensorSafe mobile application.

28.     The SensorSafe application also provides distance-based "Child Alone Alerts," and includes settings to adjust a distance sensitivity – *e.g.*, "More sensitive – Child Alone Alert

triggered at a SHORTER distance; Less Sensitive – Child Alone Alert triggered at a LONGER

distance."  Images of the SensorSafe application are provided below.

  

Source: Screenshots from an iOS version of the SensorSafe mobile application.

29.    The SensorSafe application can also send alerts to emergency contacts.  An image

of Defendant's SensorSafe promotional video is provided below.



Source: https://www.youtube.com/watch?v=8_X4QzUvYS4

30.    The SensorSafe application communicates with and can send alerts to social

media accounts, including Facebook.  *See e.g.*, "What's New" on the Apple App Store

("Removed permissions request for Facebook login.").  A screenshot of the "What's New"

changes for the SensorSafe Application (version 2.4.0) from the Apple App Store is provided below.

**What's New**

Version History
Version 2.4.0

- Added product videos to the Manuals section
- Added a pop-up notification when the app is force closed
- Improvements to the firmware update process
- Removed permissions request for Facebook login
- Improvements to the app running in the background to allow continued monitoring
- Fix to Bluetooth Off in-app notification

Source: https://apps.apple.com/us/app/sensorsafe/id1281545940 (Last accessed April 23, 2020).

**Defendant's Infringing Acts**

31.     The Accused Products directly infringe, at least claims 1, 2, 4 and 5 of the '943 patent and claims 3, 4, 5, 6, 7, and 8 of the '728 patent. Defendant has and continues to make, use, sell, offers for sale, and/or imports the Accused Products into the United States without authorization or license from R & R.  Defendant's conduct directly infringes the '943 patent and the '728 patent.

32.     Defendant also sells the Accused Products in a supply chain, which includes one or more third-party retailers that re-sell the Accused Products to end-consumers.  Moreover, Defendant also advertises, encourages, or otherwise instructs consumers to purchase the Accused Products, download the SensorSafe mobile application, register the Accused Products with the SensorSafe mobile application, and use the SensorSafe mobile application in conjunction with the Accused Products.  Thus, Defendant has and continues to engage in a pattern of conduct intended to induce and/or contribute to actions by others to infringe the '943 patent and the '728 patent.

33.     Defendant's infringement of the '943 patent and the '728 patent is willful. Defendant continues to commit acts of infringement despite a high likelihood that its actions

constitute infringement, and Defendant knew or should have known that its actions constituted an unjustifiably high risk of infringement.

34.    Defendant also had actual notice of the '943 patent and the '728 patent before it began to sell the Accused Products.  Moreover, the damages available in this action are not limited by the marking and notice requirements of 35 U.S.C. § 287 because R & R has never made, sold, or licensed products or articles to mark.  Thus, the marking provisions of the Patent Act, including those in 35 U.S.C. § 287 are inapplicable because R & R is under no obligation to mark any products or articles.

35.    Defendant's acts of infringement have been willful as of the date they became aware of the patented technology and the patents-in-suit, and in any event, no later than the filing of this Complaint and/or the date this Complaint was served upon Defendant.

## COUNT I — PATENT INFRINGEMENT OF U.S. PATENT NO. 9,189,943

36.    R & R incorporates by reference and re-alleges the allegations of the preceding paragraphs herein.

37.    United States Patent No. 9,189,943 ("'943 patent"), entitled "Child Safety Seat Alarm," issued on November 17, 2015, and named Amy Rambadt, John Rambadt, and David Tanner as inventors.  Exhibit A.

38.    As noted above, R & R is the owner of the '943 patent and possesses all rights of recovery under the '943 patent, including the exclusive right to sue and recover for all past, current, and future infringement, and obtain injunctive relief.

39.    The '943 patent is valid, enforceable, and its claims are directed to patent eligible subject matter.

40.    Defendant infringes at least claims 1, 2, 4 and 5 of the '943 patent.

41.     Defendant has been and continues to directly infringe, literally and/or under the doctrine of equivalents, the '943 patent in this judicial district, and elsewhere in the United States under 35 U.S.C. § 271(a).

42.     Defendant also actively and knowingly induced and continues to induce infringement of the '943 patent under 35 U.S.C. § 271(b) in this judicial district, and elsewhere in the United States.  Defendant induces direct infringement by others of the '943 patent by, among other things, providing, advertising, encouraging, or otherwise instructing others to others to sell, offer to sell, use, and/or operate the Accused Products in an infringing manner. Defendant was aware of and/or had actual notice of the '943 patent prior to its infringing acts, but no later than the filing of this Complaint. Defendant is therefore liable for infringement of the '943 patent under 35 U.S.C. § 271(b).

43.     Defendant also indirectly infringes the '943 patent under 35 U.S.C. § 271(c) in this judicial district, and elsewhere in the United States.  Defendant contributes to the infringement by others, such as its customers, third-party retailers, and end-consumers by, among other things, providing, advertising, encouraging, or otherwise instructing others to others to sell, offer to sell, use, and/or operate the Accused Products in an infringing manner.  Defendant has acted with the knowledge that its Accused Products are especially made or adapted for monitoring a child left in a child safety seat, as claimed by the '943 patent, and for that same reason, its Accused Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.

44.     Defendant advertises, promotes, markets, sells, distributes, and/or disseminates information about the Accused Products and to third parties through its website and with the intention to cause infringing acts by others.  Defendant was aware of and/or had actual notice of

the '943 patent prior to these infringing acts, but no later than the filing of this Complaint.

Defendant therefore liable for infringement of the '943 patent under 35 U.S.C. § 271(c).

45.     Defendant's acts of infringement have caused damages to R & R.  R & R is

entitled to recover from Defendant the damages sustained by R & R as a result of Defendant's

wrongful acts (including a reasonable royalty under 35 U.S.C. § 284) in an amount to be

determined at trial.  In addition, the infringing acts and conduct of Defendant have caused, are

causing, and unless such acts and practices are enjoined by the Court, will continue to cause

immediate and irreparable harm to R & R for which there is no adequate remedy at law, and for

which R & R is entitled to injunctive relief under 35 U.S.C. § 283.

### COUNT II — PATENT INFRINGEMENT OF U.S. PATENT NO. 9,424,728

46.     R & R incorporates by reference the preceding paragraphs as fully set forth herein.

47.     United States Patent No. 9,424,728 ("'728 patent"), entitled "Child Safety Seat

Mobile Alarm and Method Therefor," issued on August 23, 2016 and named Amy Rambadt,

John Rambadt, David Tanner, Ken Kehler, and Joseph Strickland as inventors.  Exhibit B.

48.     As noted above, R & R is the owner of the '728 patent and possesses all rights of

recovery under the '728 patent, including the exclusive right to sue and recover for all past,

current, and future infringement, and obtain injunctive relief.

49.     The '728 patent is valid, enforceable, and its claims are directed to patent eligible

subject matter.

50.     Defendant infringes at least claims 3, 4, 5, 6, 7, and 8 of the '728 patent.

Defendant has been and continues to directly infringe, literally and/or under the doctrine of

equivalents, the '728 patent in this judicial district, and elsewhere in the United States under 35

U.S.C. § 271(a).

13

51.    Defendant also actively and knowingly induced and continues to induce infringement of the '728 patent under 35 U.S.C. § 271(b) in this judicial district, and elsewhere in the United States.  Defendant induces direct infringement by others of the '728 patent by, among other things, providing, advertising, encouraging, or otherwise instructing others to others to sell, offer to sell, use, and/or operate the Accused Products in an infringing manner. Defendant was aware of and/or had actual notice of the '728 patent prior to its infringing acts, but no later than the filing of this Complaint. Defendant therefore liable for infringement of the '728 patent under 35 U.S.C. § 271(b).

52.    Defendant also indirectly infringes the '728 patent under 35 U.S.C. § 271(c) in this judicial district, and elsewhere in the United States.  Defendant contributes to the infringement by others, such as its customers, third-party retailers, and end-consumers by, among other things, providing, advertising, encouraging, or otherwise instructing others to others to sell, offer to sell, use, and/or operate the Accused Products in an infringing manner.  Defendant has acted with the knowledge that its Accused Products are especially made or adapted for monitoring a child left in a child safety seat, as claimed by the '728 patent, and for that same reason, its Accused Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Defendant advertises, promotes, markets, sells, distributes, and/or disseminates information about the Accused Products and to third parties through its website and marketing materials with the intention to cause infringing acts by others.  Defendant was aware of and/or had actual notice of the '728 patent prior to its infringing acts, but no later than the filing of this Complaint.  Defendant therefore liable for infringement of the '728 patent under 35 U.S.C. § 271(c).

53.     Defendant's acts of infringement have caused damages to R & R.  R & R is entitled to recover from Defendant the damages sustained by R & R as a result of Defendant's wrongful acts (including a reasonable royalty under 35 U.S.C. § 284) in an amount to be determined at trial.  In addition, the infringing acts and conduct of Defendant have cause, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to R & R for which there is no adequate remedy at law, and for which R & R is entitled to injunctive relief under 35 U.S.C. § 283.

54.     R & R has suffered and will continue to suffer monetary damages, in an amount not yet presently known, as a result of Defendant's infringement of the '728 patent.

55.     R & R is entitled to monetary damages pursuant to 35 U.S.C. § 284 in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff R & R packaging, Inc. (d/b/a R & R Solutions) prays for an order granting the following relief:

a.     A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '943 patent and the '728 patent;

b.     A judgment and order finding that Defendant's infringement has been willful;

c.     A permanent injunction prohibiting Defendant from further acts of infringement;

d.     A judgment and order requiring Defendant to pay R & R its damages, costs, expenses, and any enhanced damages to which R & R is entitled for Defendant's infringement;

e.     A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to R & R, including without limitation, pre judgment and post judgment interest;

15

f.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding R & R its reasonable attorneys' fees against Defendants; and

g.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

<u>**DEMAND FOR A JURY TRIAL**</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

DATE: May 27, 2020

R & R PACKAGING, INC., Plaintiff


By:  Edmond Joseph McGehee, Its Attorney
     Arkansas Bar #2015185
     MATTHEWS, CAMPBELL, RHOADS,
     McCLURE & THOMPSON, P.A.
     119 South 2nd Street
     Rogers, AR 72756-4525
     (479) 636-0875   (479) 636-8150-Fax
     ejm@mcrmt.com