UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

R & R PACKAGING, INC.                                                                    PLAINTIFF

v.                                         No. 5:20-CV-05095

EVENFLO COMPANY, INC.                                                                  DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Evenflo Company, Inc.'s ("Evenflo") motion (Doc. 27) to strike Plaintiff R & R Packing, Inc.'s ("R&R") rebuttal expert report. R&R filed a response (Doc. 29) and Evenflo, with leave of Court, filed a reply (Doc. 32). For the reasons set forth below, Defendant's motion will be DENIED.

R&R is an Arkansas company that provides "packaging and logistics services, develop[s] supply chains, provide[s] Information Technology (IT) services, refurbish[es] Point of Sale electronics, and invent[s] new products and technology." (Doc. 2, p. 3). In 2012, R&R invented a new monitoring system, the "Forget Me Not" system, for child car seats that alerts users when a child may have been forgotten in a car seat. After invention of the "Forget Me Not" system R&R met with Evenflo several times between 2013 and 2014 to discuss licensure and/or purchase of the system. Evenflo was allegedly aware that R&R had two patents pending on the "Forget Me Not" system. After "live prototype demonstrations," negotiations for Evenflo to license and/or purchase R&R's invention were unsuccessful. *Id*. at 2-3. Evenflo eventually released a car seat "equipped with a 'SensorSafe' device or buckle" that "includes a monitoring system for child safety as described and claimed in the patents-in-suit." *Id*. at 5-6.

R&R initiated this action against Evenflo alleging Evenflo has infringed on two patents. The two patents at issue are United States Patent Number 9,189,943 ("the '943 patent") and United

1

States Patent Number 9,424,728 ("the '728 patent"). The '943 patent, entitled "Child Safety Seat Alarm," was issued by the United States Patent and Trademark Office on November 17, 2015, naming Amy Rambadt, John Rambadt,[1] and David Tanner as inventors. *Id.* at 2. On August 23, 2016, the '728 patent, entitled "Child Safety Seat Mobile Alarm and Method Therefor," was issued and named Amy Rambadt, John Rambadt, David Tanner, Ken Kehler, and Joseph Strickland as inventors. *Id.* at 2-3.

On September 21, 2020, the Court entered an initial scheduling order (Doc. 8) setting October 28, 2020, as the Rule 26(f) report due date and stating "the Court is considering adopting the Patent Local Rules for the Northern District of California." (Doc. 8, p. 1-3). The parties jointly filed a Rule 26(f) report on October 26, 2020, and the Court entered a final scheduling order (Doc. 16) on October 27, 2020. The final scheduling order set certain patent-specific deadlines but did not adopt the Patent Local Rules for the Northern District of California.

Pursuant to the final scheduling order, the parties exchanged proposed terms for claim construction on January 4, 2021. On January 22, 2021, the parties exchanged preliminary claim construction. Evenflo's preliminary claim construction contained a list of proposed terms, and identified supporting intrinsic and extrinsic evidence. R&R's preliminary claim construction listed six terms and stated the proposed construction as "[p]lain and ordinary . . . [n]o construction necessary."[2] (Doc. 27-5, p. 3). On February 12, 2021, the parties filed a joint claim construction

---

[1] John and Amy Rambadt are the founders of R&R.
[2] Evenflo correctly states R&R did not disclose any extrinsic evidence in support of its preliminary claim construction. "Generally, a claim's words are given their ordinary and customary meaning—that is, 'the meaning a term would have to a person of ordinary skill in the art after reviewing the intrinsic record at the time of the invention.'" *Deflecto, LLC v. Dundas \* Jafine Inc.*, 142 F.Supp. 835, 845-46 (W.D. Mo. 2015) (citing *02 Micro Intern. Ltd. V. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008)). Only if the intrinsic record is ambiguous may a court "rely on extrinsic evidence, which consists of all evidence external to the

and prehearing statement (Doc. 26) identifying disputed claim terms and attached each parties' proposed claim constructions as exhibits. On February 19, 2021, the deadline to disclose claim construction rebuttal expert reports or affidavits pursuant to the final scheduling order, R&R disclosed a rebuttal expert report to Evenflo.

Evenflo filed the instant motion on February 26, 2021, arguing the Court should strike R&R's rebuttal expert report because it was, in fact, an initial expert report submitted past the deadline. The final scheduling order set a January 22, 2021 deadline for disclosure of claim construction expert reports and affidavits. Evenflo argues that because R&R's expert report was an initial report it should have been submitted by January 22. Despite Evenflo's repeated statements in its brief that R&R's rebuttal expert report is an initial expert report, Evenflo does not identify any portion of the expert report to support its argument. "[T]he function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir. 2005). Although, Evenflo did not rely on an initial expert opinion for R&R's rebuttal expert to refute in proposing construction for disputed terms, Evenflo has maintained that additional construction of the meaning of disputed terms is necessary. R&R's expert report appears to be limited to rebutting Evenflo's proposed constructions and is a rebuttal expert report. R&R timely disclosed its rebuttal expert report by the Court's February 19 deadline. Further, the Court's final scheduling order states February 19 as the deadline to "disclose *claim construction rebuttal expert* reports or affidavits," and R&R's expert report was a rebuttal to Evenflo's claim construction. (Doc. 16, p. 1) (emphasis added). While the typical use of a rebuttal expert report is to address an opposing party's expert report, nothing in the Court's

---

patent and prosecution history, including expert and inventory testimony, dictionaries, and learned treatises." *Id.* at 846 (citation and quotations omitted).

3

scheduling order or the Federal Rules of Civil Procedure requires a rebuttal expert report to be limited to its typical use.³ Because R&R's rebuttal expert report was timely filed, Evenflo's motion to strike will be denied.

Evenflo also argues R&R waived its right to rely on extrinsic evidence and expert testimony because the N.D. Ca. Patent Local Rules required R&R to designate supporting evidence at the time the parties exchanged preliminary claim construction and provide designation of any expert opinions rendered in connection with claim construction. Evenflo also argues N.D. Ca. Patent Local Rules required the parties' joint claim construction statement to identify "any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction" and R&R's failure to identify experts prevents R&R from now relying on an expert report. Despite Evenflo's extensive briefing on the N.D. Ca. Patent Local Rules, this Court only considered adopting those rules for this litigation, but did not do so, and the Court will not address these arguments.

The Court entered a text only order (Doc. 28) on March 1, 2021, staying the final scheduling order deadlines pending resolution of Defendant's motion to strike. Because a new scheduling order must be entered, the Court will reset the deadline for disclosure of claim construction expert reports or affidavits, as well as the deadline to disclose claim construction rebuttal expert reports or affidavits. The amended scheduling order will also reset the remainder of the deadlines.

IT IS THEREFORE ORDERED that Defendant's motion to strike (Doc. 27) is DENIED. An amended final scheduling order will be entered separately.

---

³ However, rebuttal evidence may not be used to establish a case-in-chief and is to only be used "to challenge the evidence or theory of an opponent . . . ." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).

IT IS SO ORDERED this 21st day of April, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE