UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

R & R PACKAGING, INC.                                                                                    PLAINTIFF

v.                                           No. 5:20-CV-05095

EVENFLO COMPANY, INC.                                                                                 DEFENDANT

## OPINION AND ORDER

Before the Court is the parties' joint motion (Doc. 42) for a protective order and ESI order. The parties also filed a proposed protective order (Doc. 42-1) and proposed ESI order (Doc. 42-2). For the reasons set forth below, the Court will GRANT the motion and enter the protective and ESI orders proposed by the parties, with some amendment.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

The parties request the protective order to allow the parties to designate documents as "CONFIDENTIAL" and "ATTORNEYS EYES ONLY." The proposed order defines "CONFIDENTIAL" as "information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that

is not publicly available." (Doc. 42-1, pp. 1-2). "ATTORNEYS EYES ONLY" is defined as

> information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party that could not be avoided by less restrictive means.

*Id.* at 2.

The parties have shown good cause for the entry of a protective order as to documents containing trade secrets or other confidential commercial information. Trade secrets and confidential commercial information fall squarely within the ambit of 26(c). "Where discovery of confidential commercial information is involved, the court must balance the risk of disclosure against the risk that a protective order will impair prosecution or defense of the claims." *Bussing v. COR Clearing, LLC*, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, entry of a protective order will neither impair prosecution nor the defense of the claims as the parties are in agreement as to the proposed protective order. The Court finds that good cause has been shown for entry of a protective order regarding documents containing trade secrets and other confidential commercial information.

The parties' proposed protective order also includes sensitive personal information. The proposed protective order does not specifically list what information qualifies as sensitive personal information, but the Court will interpret this to mean sensitive personally identifying information including, but not limited to, social security numbers, birthdates, bank account numbers, and other sensitive personal information. The parties have also shown good cause for entry of a protective order for personnel files. Individuals have "a heightened privacy interest in [their] personnel files." *Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 559 (N.D. Iowa 2015). "There is a strong public policy

against the public disclosure of personnel files, but discovery of personnel files is permitted when there is a protective order or confidentiality order in place." *Nuckles v. Wal-Mart Stores, Inc.*, 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007); *see also Williams v. Bd. Of Cnty. Comm'rs*, 2000 WL 133433 at *1 (D. Kan. Jan. 21, 2000) (holding that "personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination").

The proposed protective order also seeks to include any medical or psychiatric information. As to medical information, federal law generally prohibits the disclosure of the protected health information of third parties, but the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (also known as "HIPAA") allows disclosure of this information for purposes of litigation where a protective order is in place. *See* 45 C.F.R. § 164.512(e)(v)(A). The Court finds good cause exists for an entry of a protective order encompassing medical information.

Given the heightened privacy interest in the information to be protected and the public policy against public disclosure of that information, the Court finds that the parties have shown sufficient good cause to have the requested information produced subject to a protective order. The Court will separately enter a revised protective order.

The parties have also filed a proposed ESI order governing the production of documents and electronically stored information. The parties have agreed to the form and entry of the ESI order and the Court finds the parties' motion should be granted and the ESI order will be entered separately, with minimal modification.

IT IS THEREFORE ORDERED that the parties' joint motion (Doc. 42) for protective order and ESI order is GRANTED as stated herein.

IT IS SO ORDERED this 22nd day of July, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE