UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

R & R PACKAGING, INC.
d/b/a R & R SOLUTIONS                                                                 PLAINTIFF

v.                                      No. 5:20-CV-05095

EVENFLO COMPANY, INC.                                                                 DEFENDANT

**OPINION AND ORDER**

Before the Court are Plaintiff R & R Packaging, Inc.'s ("R&R") motion for attorneys' fees (Doc. 99), Defendant Evenflo Company, Inc.'s ("Evenflo") response in opposition (Doc. 105), and R&R's reply in support (Doc. 109). R&R's motion will be GRANTED IN PART AND DENIED IN PART.

This lawsuit involves a patent dispute over technology that alerts users when a child may have been forgotten in a car seat. The Court has previously observed that "[t]his case has been continuously plagued by discovery disputes." (Doc. 98, p. 2). Last November, R&R filed a motion to compel discovery and for sanctions (Doc. 58). Although subsequent negotiations led to some narrowing of the issues, considerable areas of dispute ultimately required resolution by this Court. *See id.* On April 25, 2022, this Court entered a 17-page Opinion and Order granting R&R's motion to compel. The Court concluded its ruling with the following observations:

> R&R requested in its motion that the Court "sanction[] Evenflo for the unnecessary costs and expenses R&R has incurred in bringing this motion and arising from Evenflo's false representations to R&R," and "admonish[] Evenflo for its cavalier approach to discovery and mak[e] clear that further abuses may result in severe sanctions, including the Court striking Evenflo's Answer." The Court does not find that Evenflo made false representations to R&R or that it has taken a cavalier approach to discovery. The Court recognizes that many of R&R's original discovery requests were rather broad in scope, and knows that broad discovery requests tend to trigger broad objections. The Court also appreciates that the parties were able to narrow the scope of the issues in dispute as the briefing on R&R's motion progressed.

1

> However, the Court also cannot overlook that it had to spend far more time working to resolve the issues raised in this motion than is typically necessary on discovery motions, and that on every single issue that was ultimately reached in this opinion and order, the Court ruled more or less in R&R's favor. Under such circumstances, the Court has no difficulty concluding that R&R is entitled under Rule 37(a)(5) to recover its reasonable expenses incurred in making this motion, including attorney fees, from Evenflo. The specific amount of that recovery will need to be briefed in a separate motion, which R&R should file no later than fourteen days from today.

*Id.* at 16 (internal citation omitted).

R&R then filed a motion seeking an award of $157,503.13. *See* Doc. 99, p. 7. This requested award consists of three categories of expenses which R&R claims it "would not have incurred but for Evenflo's failure to comply with its discovery obligations": (1) fees that R&R incurred before filing its motion to compel "on work that was useful and necessary to ultimately prepare" its motion to compel; (2) fees that R&R incurred "researching and drafting the Motion to Compel itself"; and (3) fees that R&R incurred preparing the instant motion for attorney fees. *See id.* at 9–10.

R&R's requested award is wildly excessive. Countless simpler cases have been litigated all the way to a jury verdict at far less expense. Of course, this is not a simple case. But, in the excerpt quoted above, this Court already expressly acknowledged that R&R played a large role in driving up the time and expense of these discovery disputes by initially issuing broad requests that inevitably triggered broad objections. There are times when it may be appropriate for a prevailing party to be awarded fees incurred during negotiations that precipitated a motion to compel. *Cf. In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987) (observing that "Rule 37, interpreted consistent with its purposes, authorizes an award encompassing all expenses, *whenever incurred*, that would not have been sustained had the opponent conducted itself properly" (emphasis added; internal quotation marks omitted)). But it is not just to do so in a situation like this one, where the

2

prevailing party also shares blame for the expense of those negotiations. *Cf.* Fed. R. Civ. P. 37, Advisory Committee Notes to 1970 Amendment ("[T]he court retains the power to find that other circumstances make an award of expenses unjust—as where the prevailing party also acted unjustifiably.").[1]

As for the second category—fees incurred researching and drafting the motion to compel itself—R&R is entitled to an award, but not remotely so large an award as it has requested. When determining a fee award, a district court must calculate the "lodestar," which is arrived at by multiplying the number of hours reasonably expended by the reasonable hourly rate. *See Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). The Court should base the "reasonable hourly rate" on the ordinary rate for similar work in the community where the case is litigated, and may rely on its own experience and knowledge of prevailing market rates when doing so. *See Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014). The Court should exclude from counsel's submission of hours those hours which were not reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983).

From the Court's review of the billing entries that R&R has submitted, *see* Doc. 102-6, it appears that R&R seeks recovery of fees for 97.0 hours spent researching and drafting its original motion to compel (and related filings), 20.7 hours spent researching and drafting its supplement to that motion (and related filings), and 15.0 hours spent researching and drafting its reply in support

---

[1] The parties' voluminous filings throughout the pendency of this case, relating not only to the discovery dispute but also more generally, suggest a failure by *both sides* to comply with the requirement in Rule 1 of the Federal Rules of Civil Procedure that the Rules be "construed, administered, and employed by the court *and the parties* to secure the just, *speedy*, and *inexpensive* determination of every action and proceeding" (emphasis added). The Court understands that this is a very complex case and that all parties are entitled to vigorous advocacy for their respective positions. Nevertheless, the parties should take heed that the scorched-earth posture this case has acquired is significantly impeding the Court's ability to speedily administer this case, and that the Court's patience with these tactics is growing very thin.

of that motion (and related filings). The 132.7 hours spent researching and drafting these materials for which R&R is seeking recovery of its fees were billed by two Polsinelli shareholders (Jay Heidrick and Adam Daniels), one Matthews, Campbell partner (Joey McGehee), one Polsinelli senior associate (Josh Rayes), and one Polsinelli senior paralegal (Kim Murray). The Court's view, in light of its own experience, is that these amounts of time are grossly excessive. Given the factual and legal complexity of the issues raised in R&R's motion to compel, reasonable total amounts of time devoted to the motion, supplement, and reply would instead have been 25.0, 15.0, and 10.0 hours, respectively, for a total of 50.0 hours. The Court will award fees for 5.5 of the 13.2 hours submitted for Mr. Heidrick, 2.8 of the 2.8 hours submitted for Mr. Daniels, 3.2 of the 3.2 hours submitted for Mr. McGehee, 34.5 of the 99.4 hours submitted for Mr. Rayes, and 4.0 of the 14.1 hours submitted for Ms. Murray. Furthermore, although R&R was billed $530 and $565 per hour for Mr. Heidrick's work, $470 and $505 per hour for Mr. Daniels's work, $380 and $490 per hour for Mr. Rayes's work, and $300 per hour for Ms. Murray's work, the Court finds that in the northwest Arkansas market for intellectual property litigation services, reasonable hourly rates for these individuals' work would be $350, $300, $275, and $125, respectively. The Court will not adjust Mr. McGehee's billed hourly rate of $225, because it is already reasonable for the relevant market. Multiplying these approved hours by these approved rates results in a total of $13,472.50 in awardable fees for researching and drafting R&R's successful motion to compel and its various supporting documents.[2]

Finally, regarding the third category—fees that R&R incurred preparing the instant motion for attorney fees—here too, R&R's request far outstrips the bounds of reasonableness. R&R seeks

---

[2] (5.5 x $350 for Mr. Heidrick) + (2.8 x $300 for Mr. Daniels) + (3.2 x $225 for Mr. McGehee) + (34.5 x $275 for Mr. Rayes) + (4.0 x $125 for Ms. Murray) = $1,925.00 + $840.00 + $720.00 + $9,487.50 + $500.00 = $13,472.50

to recover fees for a total 57.6 hours billed for the instant motion: 20.6 by Mr. Heidrick and 37.0 by Mr. Rayes.  Whether to award fees for a motion seeking fees pursuant to Rule 37 is committed to this Court's discretion.  *See Sorrell Holdings LLC v. Infinity Headware & Apparel, LLC*, 2017 WL 3367159, at *3 (W.D. Ark. Aug. 4, 2017) (Hickey, J.).  The Court believes the vast majority of the time spent preparing the instant motion was driven by the extraordinarily excessive nature of the award being sought.  In the Court's view, no more than 5.0 hours would have been necessary to prepare a run-of-the-mill motion seeking a reasonable fee award.  The Court, in its discretion, will award fees for 4.0 hours of the time that Mr. Rayes spent preparing the instant motion, and 1.0 hour of the time that Mr. Heidrick spent preparing the motion.  At the aforementioned reasonable rates, that amounts to a total of $1,450.00.[3]  This, plus the amount that will be awarded for preparing the successful motion to compel, yields a total award of $14,922.50.

IT IS THEREFORE ORDERED that Plaintiff R & R Packaging, Inc.'s motion for attorneys' fees (Doc. 99) is GRANTED IN PART AND DENIED IN PART.  Defendant Evenflo Company, Inc. is ordered to pay R&R $14,922.50 in fees and costs.

IT IS SO ORDERED this 29th day of September, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

[3] (1.0 x $350 for Mr. Heidrick) + (4.0 x $275 for Mr. Rayes) = $350.00 + $1,100.00 = $1,450.00

5