UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

R & R PACKAGING, INC.
d/b/a R & R SOLUTIONS                                                                                    PLAINTIFF

v.                                      No. 5:20-CV-05095

EVENFLO COMPANY, INC.                                                                                   DEFENDANT

## OPINION AND ORDER

Before the Court are Defendant Evenflo Company, Inc.'s ("Evenflo") Motion for Clarification and Reconsideration (ECF No. 215), Plaintiff R & R Packaging, Inc.'s ("R&R") Response (ECF No. 218) thereto, and Evenflo's Reply (ECF No. 219-1). For the reasons given below, Evenflo's Motion is **DENIED**.

For the sake of brevity, the Court will avoid providing a lengthy background discussion of this extremely complicated case's legal issues and procedural history. Readers desiring such context are directed to this Court's February 7, 2025, Order (ECF No. 214) which, among many other things, granted in part and denied in part motions for summary judgment (ECF Nos. 137, 164) that Evenflo had filed. It will suffice simply to say that this is a patent infringement lawsuit about technology that alerts users when a child may have been forgotten in a car seat. R&R claims that Evenflo has infringed two patents held by R&R: United States Patent Numbers 9,189,943 ("the '943 patent) and 9,424,728 ("the '728 patent"). In the February 7 Order, this Court dismissed with prejudice R&R's claims for direct patent infringement under 35 U.S.C. § 271(a), but allowed R&R's claims for indirect patent infringement under §§ 271(b) and (c) to proceed to trial. *See* ECF No. 214, p. 10. Three weeks later, Evenflo filed the instant Motion for Clarification and Reconsideration, which took issue with two rulings in that Order. Evenflo's Motion has been fully briefed and is ripe for decision.

An order which adjudicates "fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  However, although "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, . . . as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal quotation marks omitted).  Accordingly,

> [m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.  Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. . . .  Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

*Hagerman v. Yukon En. Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), *as amended*, 835 F.2d 710 (7th Cir. 1987)).

This legal standard makes very quick work of both issues raised in Evenflo's Motion.  One of those issues concerns whether sales of Cybex- and CTP-branded products create a triable issue of fact.  This Court found in its February 7 Order that "there is a material dispute of fact as to whether Evenflo sells, or has ever sold," such products.  *See* ECF No. 214, p. 10.  Observing that the record contained conflicting testimonial and documentary evidence on this point, the Court explained that "[r]econciling Evenflo's internal records with the testimony of its corporate officers, or if no reconciliation is possible then weighing their probative effect against each other, are tasks that will require examination and cross-examination, and for credibility determinations to be made by the finder of fact—all of which are appropriate for trial rather than for summary judgment." *See id.* at 10–11.  Evenflo now contends that "this Court erred in weighing R&R's proffered evidence that Evenflo transfers title to products marketed by Cybex and/or CTP," *see* ECF No.

2

215, p. 5;[1] and both parties have produced voluminous briefing on the instant Motion essentially relitigating how the evidence on this topic should be interpreted. But as can be seen from the quote provided several sentences above, this Court expressly *declined* in its February 7 Order to weigh the evidence. It simply observed that the evidence supported conflicting inferences and concluded that resolving this factual dispute was a matter for trial, as it would require making credibility determinations and using witness testimony to interpret opaque business records. This Court did not commit any manifest error of law or fact in so ruling. After all, it is well-settled that on summary judgment "a district court should not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue." *Avenoso v. Reliance Standard Life Ins. Co.*, 19 F.4th 1020, 1024 (8th Cir. 2021).

The other issue raised in Evenflo's Motion concerns how, and whether, the word "distance" should be construed in the patent claims. Evenflo concedes that before now "Evenflo never sought to construe the term 'distance' because the parties agreed the term is so well-understood that no construction was necessary." ECF No. 215, pp. 6–18. Frankly, that could be the end of the matter given that, as already mentioned, a motion for reconsideration should not "serve as the occasion to tender new legal theories for the first time." *Hagerman*, 839 F.2d at 414. But, for the sake of clarity and efficiency in trial preparation, the Court will go further and make a couple of quick substantive observations on this point.

First, the Court agrees with the position that both Evenflo and R&R apparently held before now, that the word "distance" is so well-understood that no construction is necessary. Second, R&R's expert witness, Dr. William Michalson, opines that Bluetooth signal strength or connection status are used by the allegedly infringing products to measure or approximate distance. *See* Doc.

---

[1] All page number citations are to those contained in the filemark at the top of each page of the filed document, and not to internal page numberings in the native document.

150-8, ¶¶ 237–46.  This opinion does not conflict with the commonly-understood meaning of "distance."  It also is not inconsistent with the legal principle stated in this Court's February 7 Order that patent claims generally should be interpreted to include specific embodiments.  *See* Doc. 214, pp. 15–16.  So it would be improper for this Court now to adopt an artificially narrow construction of "distance" that effectively prevents R&R from presenting this expert testimony at trial.

Accordingly, Defendant Evenflo's Motion for Clarification and Reconsideration (ECF No. 215) is hereby **DENIED**.

**IT IS SO ORDERED** this 18th day of April, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge