IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

R&R PACKAGING, INC., d/b/a R&R
Solutions                                                                                    PLAINTIFF

v.                                         Case No. 5:20-cv-5095

EVENFLO COMPANY, INC.                                                   DEFENDANT

## FIFTH AMENDED FINAL SCHEDULING ORDER

**1.      TRIAL DATE**

This case is scheduled for **JURY TRIAL** in **FAYETTEVILLE, ARKANSAS**, at the call of the Court during the week of **NOVEMBER 3, 2025**, beginning at 9:00 a.m.  Counsel are directed to report to the **second-floor Courtroom (Room 210) at 9:00 a.m.** on the date of trial unless otherwise notified.

**2.      PRE-TRIAL DISCLOSURES [FED. R. CIV. P. 26(a)(3)]**

Pretrial disclosure sheets must be filed simultaneously by the parties according to the outline contained in Local Rule 26.2 no later than **September 4, 2025**. That witnesses and exhibits must be listed on the pretrial information sheet does not relieve a party of the obligation to provide the names of witnesses and exhibits in response to discovery requests.

**3.      DEPOSITIONS TO BE USED AT TRIAL OTHER THAN FOR IMPEACHMENT**

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **August 21, 2025**. Counter-designations must be made by **August 28, 2025**. These designations need not be filed with the Court but should be exchanged by the parties. Objections to any deposition or videos that will be used at trial must be made by written motion indicating the specific objection and its legal basis by **September 4, 2025**, with the response due **September 11, 2025**. Depositions to be read or played via video at trial must be marked as exhibits.

PLEASE BE ADVISED: These designations must be made for any and all depositions (whether video or written transcript), or any portion thereof, a party intends to introduce at trial. A failure of the proffering party to appropriately designate a deposition, pared down to pertinent, non-extraneous portions to be used at trial, will likely result in (1) a waiver of objections to the admission of any portion of a deposition that the proffering party has designated for admission and/or (2) exclusion of the deposition, or a portion thereof, from evidence. Likewise, a failure by any party to counter-designate any portion of a deposition will likely result in exclusion of the non-designated portion of a deposition from trial and waiver of any objection to such exclusion. Finally, failure by either party to make timely, proper objections to a designated deposition, or any portion thereof, will likely result in a waiver of any objection that might otherwise have been made.

## 4.    MOTIONS IN LIMINE

Motions in limine must be filed on or before **October 3, 2025**, and responses must be filed within seven (7) days after filing of such motion. Each party is limited to filing only one (1) motion in limine not to exceed 15 pages. All motions in limine must contain a statement that counsel has conferred with opposing counsel in good faith (see requirements for good-faith effort above) as to each request for relief. As to each request, the moving party should state whether the opposing party is opposed to the Court granting the relief requested.

## 5.    JURY ISNTRUCTIONS AND STATEMENT OF THE CASE

The parties must confer regarding the proposed instructions in an attempt to narrow areas of disagreement and must submit an AGREED set of instructions on specific issues in the case to the Court on or before **5:00 p.m. CT October 20, 2025**. Standard instructions from AMI, Eighth Circuit, or Federal Jury Practice and Instructions (5th Edition), as applicable, should be used whenever possible and should be noted at the end of each instruction. NOTE: DO NOT include

the standard opening and closing instructions. A party requesting an instruction that cannot be agreed upon must submit that instruction to the Court and to opposing counsel, setting out the disagreement by the same date. Instructions may be submitted in Word format electronically to sohinfo@arwd.uscourts.gov.

Each party must submit to the Court by that same date a concise statement of the case, no more than one page in length, that it proposes would be proper to read to the panel of venire persons during voir dire.

## 6.    EXTENSIONS

Any motion for extension of any deadline(s) must be in compliance with Fed. R. Civ. P. 6(b) and 16(b)(4). Motions filed before expiration of a deadline must set forth good cause for an extension. Motions filed after a deadline must be accompanied by a brief in support, pursuant to Local Rule 7.2, and must set forth excusable neglect warranting an extension. Lack of diligence on the part of an attorney will not ordinarily constitute either good cause or excusable neglect. The Court will not grant an extension, even if a motion is unopposed, without the requisite showing of good cause or excusable neglect. Motions for extension of time do not toll a deadline. Counsel filing such motions close to or on the day of the deadline run the risk of the motion being denied.

Absent compelling circumstances, the Court will not grant a stay of this action or a continuance of the trial date or of any deadlines set forth in this order for the sole purpose of allowing the parties to pursue mediation or otherwise engage in settlement discussions.

## 7.    INTRODUCTION OF EXHIBITS

All exhibits must be listed on the form attached to prior Final Scheduling Orders, in numerical sequence. Exhibits must be made available to all parties and reviewed by counsel prior to the trial date. The lists must be submitted to the Courtroom at sohinfo@arwd.uscourts.gov by

noon one (1) business day before the beginning of trial. Counsel are encouraged to stipulate to the admissibility of exhibits to which there is no objection. Any such stipulations should be noted on the exhibit list provided to the Court. The Court will admit stipulated exhibits into evidence at the beginning of trial, and the exhibits may be used at trial without further motion by counsel.

## 8.    SETTLEMENT CONFERENCE

Settlement conferences with the magistrate judge are not mandatory but are available at the parties' request. If the parties would like to request a settlement conference, they should contact the magistrate judge for the division in which the case is filed by **July 11, 2025**, so that a conference can be promptly scheduled.

## 9.    COMMUNICATION WITH COURT ON SETTLEMENT

Please communicate with the Courtroom Deputy set out below at sohinfo@arwd.uscourts.gov or by calling 870-862-1303 to ascertain your position on the calendar as the trial date approaches. In the event of settlement, advise the Courtroom Deputy immediately at the email or phone number set out above. The case will not be removed from the trial docket until a Joint Motion to Dismiss or a Joint Stipulation of Dismissal are filed in the case, and an order of dismissal has been entered.

**IT IS SO ORDERED**, this 19th day of May, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge