IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

R&R PACKAGING SOLUTIONS, INC.
d/b/a R&R Solutions PLAINTIFF

v. Case No. 5:20-cv-5095

EVENFLO COMPANY, INC. DEFENDANT

**ORDER**

Before the Court is Defendant Evenflo Company, Inc.'s ("Evenflo") Motion to Compel. ECF No. 281. Plaintiff R&R Packing Solutions, Inc. ("R&R") has responded. ECF No. 284. The Court finds the matter ripe for consideration.

This case has a lengthy history that the Court will forgo summarizing at length. The Court's prior Order (ECF No. 214) on the parties' motions for summary judgment provides a more thorough recitation of the relevant background. In short, R&R brings a patent infringement action against Evenflo for alleged infringement of two of R&R's patents through Evenflo's sale of children's car seats equipped with the SensorSafe system. After the Court's Order on the parties' motions for summary judgment, R&R's remaining claims for patent infringement against Evenflo are for indirect infringement under 35 U.S.C. §§ 271(b) and (c). ECF No. 214, at 8–12. Evenflo also brings counterclaims asserting that the relevant patents are invalid and unenforceable. ECF No. 115, p. 8–19.

In the instant motion, Evenflo moves pursuant to Federal Rule of Civil Procedure 37(a) to compel R&R to produce R&R's damages expert, David Haas ("Haas"), for a deposition regarding

his Supplemental Expert Report (ECF No. 259-3, the "Supplemental Report").[1] Haas issued his Supplemental Report in October 2025. Evenflo argues that Haas's Supplemental Report constitutes a new opinion that entitles Evenflo to an opportunity to depose Haas regarding that opinion. Evenflo contends that it would be prejudiced without this additional deposition to ascertain the full scope of the new opinion because it would expose Evenflo to unfair surprise at trial. Evenflo states that it has attempted to confer with R&R to conduct the requested deposition, but that R&R's position is that the deposition is unwarranted or also entitles R&R to further discovery that Evenflo finds unreasonable. Thus, Evenflo requests that the Court compel R&R to produce Haas for a deposition on his new opinion and order R&R to pay Evenflo's reasonable expenses incurred for bringing the instant motion.

In response, R&R disputes that Evenflo is entitled to an additional deposition of Haas. R&R first argues that Haas's supplemental report does not constitute a new opinion. R&R contends that the supplemental report merely applies the same methodology of calculating estimated damages royalties to updated information. R&R asserts that the Court already acknowledged this similarity between Haas's Initial Expert Report (ECF No. 143-2, the "Initial Report")[2] and Supplemental Report in its prior Order (ECF No. 271) denying Evenflo's Motion to Exclude Supplemental Expert Opinions (ECF No. 258). R&R notes that the Order stated that the Supplemental Report "simply applies the methodologies from the prior opinion to newly provided information." Resp. at 2 (quoting ECF No. 271, at 2). R&R contends that the Court's prior evaluation should foreclose entertaining the notion that the Supplemental Report contains a

[1] The Court cites to a more complete version of Haas's Supplemental Report (ECF No. 259-3) found in the record rather than the abbreviated version (ECF No. 282-2) accompanying the instant motion.
[2] Again, the Court cites to a more complete version of Haas's Initial Report (ECF No. 143-3) found in the record.

new opinion. R&R also argues that Evenflo's motion is procedurally improper because Rule 37(a) only applies to a discovery default, such as a notice of deposition that has been ignored, and interrogatory that has not been answered, or any prior discovery order that has not been complied with. R&R contends that no such default has occurred, adding that Evenflo never obtained leave under Rule 30(a)(2)(A)(ii) to depose Haas a second time. Therefore, R&R concludes that the instant motion must be denied and that it is entitled it to an award of reasonable expenses incurred in responding to the motion.

The Court finds that Evenflo has not shown good cause for the instant motion. Rule 37(a) provides that a party "may move for an order compelling disclosure or discovery" upon a party's failure to provide such disclosures or discovery. Fed. Rule Civ. P. 37(a)(1). Because Evenflo has admittedly already deposed Haas once, the instant motion is more accurately viewed as one seeking leave to depose Haas again rather than one pursuant to Rule 37(a). See Fed. R. Civ. P. 30(a)(2)(A)(ii) (noting that a party must obtain a court's leave to take a deposition of a deponent who has already been deposed when the parties do not stipulate to the deposition). Evenflo has not demonstrated that such leave should be given. Haas's Supplemental Report does not diverge from his Initial Report in a manner that creates a new opinion. The Court previously noted that Haas's Supplemental Report "applies methodologies from the prior opinion" and does not present a qualitative departure from the Initial Report. ECF No. 271, at 2. Both Haas's Initial Report and his Supplemental Report use a $9 royalty rate multiplied by a royalty base of purported instances of infringement to calculate reasonable royalties. Compare ECF No. 143-2, at 4, 40 with ECF No. 259-3, at 10–12.[3] Haas's inclusion of alternate reasonable royalties calculations using a reduced

[3] The Court cites to the PDF document page numbers and not to the page numbers listed within the documents.

number for the royalty base in his Supplemental Report is not a change entitling Evenflo to leave to conduct an additional deposition of Haas.[4] ECF No. 259-3, at 10–12. Evenflo may instead attack Haas's use and calculation of the reduced alternate royalty base at trial through cross-examination or other factual development. Accordingly, Evenflo's Motion to Compel (ECF No. 281) is **DENIED**.

The Court also denies R&R's request for fees. When a motion to compel pursuant to Rule 37(a) is denied, a court typically "must" require the moving party to pay the "reasonable expenses incurred in opposing the motion[.]" Fed. R. Civ. P. 37(a)(5)(B). However, the Court noted above that the instant motion is more accurately characterized as one seeking leave to conduct an additional deposition pursuant to Rule 30(a)(2)(A)(ii). Therefore, the Court declines to apply Rule 37(a)(5)(B)'s expenses payment requirement.

**IT IS SO ORDERED**, this 21st day of September, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge

---

[4] The Court also takes note of the belated timing of the instant motion. Per Evenflo's assertions, the disagreement between the parties regarding another deposition of Haas arose approximately eleven months prior to Evenflo filing the instant motion. ECF No. 281, at 6. With less than two months remaining prior to trial, the Court implores the parties moving forward to not wait to raise future issues.